IN THE CIRCUIT COURT OF PEARL RIVER COUNTY, MISSISSIPPI

GEORGE NIXON                                                                PLAINTIFF

VS.                                                            CAUSE NO. 2008-0407

STATE FARM FIRE AND
CASUALTY COMPANY                                                           DEFENDANT

## SUMMONS

TO:   STATE FARM FIRE AND CASUALTY COMPANY
      Registered Agent, William E. Penna
      1080 River Oaks Drive, Suite B-100,
      Flowood, Mississippi 39232

THE COMPLAINT AND REQUEST FOR PRODUCTION OF DOCUMENT WHICH ARE ATTACHED TO THIS SUMMONS ARE IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

You are required to mail or hand-deliver a copy of a written response to the attached pleadings to Russell S. Gill, the attorney for the Plaintiff, whose address is 638 Howard Avenue, Biloxi, Mississippi 39530.

Your response to the Complaint must be mailed or delivered within thirty (30) days from the date of delivery of this Summons and Complaint or a Judgment by Default will be entered against you for the money or other things demanded in the Complaint.

You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

Issued under my hand and seal of said Court, this the 23 day of July, 2008.

VICKIE P. HARIEL, Clerk
Circuit Court

(Seal)

By: _____ DC
200 South Main
Poplarville, Mississippi 39470

EXHIBIT ___A___

PROOF OF SERVICE - SUMMONS

Name of Person or Entity Served STATE FARM FIRE AND CASUALTY CO.

    I, the undersigned process server, served the summons and complaint upon the person or entity named above in the manner set for below (process server must check proper space and provide all additional information that is requested and pertinent to the mode of service used):

\_\_\_\_\_ FIRST CLASS MAIL AND ACKNOWLEDGEMENT SERVICE. By mailing (by first class mail, postage prepaid), on the date stated in the attached Notice, copies to the person served, together with copies of the form of notice and acknowledgement and return envelope, postage prepaid, addressed to the sender.(*Attach completed acknowledgement of receipt pursuant to M.R.C.P. Form 1B*).

\_\_\_\_\_ PERSONAL SERVICE, I personally delivered copies to _____ on the _____ day of _____, 2008, where I found said person(s) in _____ county of the State of _____.

\_\_\_\_\_ RESIDENCE SERVICE. After exercising reasonable diligence I was unable to deliver copies to said person within _____ county, State of _____. I served the summons and complaint on the _____ day of _____, 2008, at the usual place of abode of said person by leaving a true copy of the summons and complaint with _____ who is the _____ (here insert wife, husband, son, daughter, or other person as the case may be), a member of the family of the person served above the age of sixteen years and willing to receive the summons and complaint, and thereafter on the _____ day of _____, 2008, I mailed (by first class mail, postage prepaid) copies to the person served at his or her usual place of abode where the copies were left.

\_\_\_\_\_ CERTIFIED MAIL SERVICE. By mailing to an address outside Mississippi (by first class mail, postage prepaid, requiring a return receipt) copies to the person served. (*Attach signed return receipt or the return envelope marked "Refused".*)

At the time of service I was at least 18 years of age and not a party to this action.

Fee for this service: $_____

Process Service must list below:
Name:_____
Address:_____
_____
Telephone No.:_____

STATE OF MISSISSIPPI
COUNTY OF _____

PERSONALLY appeared before me the undersigned authority, in and for the state and county aforesaid, the within named _____, who, being first by me duly sworn states on oath that the matters and facts set forth in the foregoing Proof of Service-Summons are true and correct as therein stated.

_____
Process Server

SWORN TO AND SUBSCRIBED BEFORE ME on this the \_\_\_\_ day of _____, 2008.

_____
Notary Public

My Commission Expires:

_____

IN THE CIRCUIT COURT OF PEARL RIVER COUNTY, MISSISSIPPI

GEORGE NIXON                                                                    PLAINTIFF

VERSUS                                                              CAUSE NO. 2008-0407

STATE FARM FIRE AND
CASUALTY COMPANY                                                                DEFENDANT

FILED
APR 0 3 2009
VICKIE L. ____, CIRCUIT CLERK
By _____ D.C.

ORDER FOR EXTENSION OF TIME
FOR SERVICE OF PROCESS

This day, this matter having come on for hearing on the Plaintiff's Motion for Extension of Time for Service of Process, and the Court having considered same; Finds, Orders and Adjudges as follows:

1. The Plaintiff filed his Complaint on July 23, 2008.

2. The parties are in the process of negotiating a settlement.

3. The Plaintiff is requesting an extension until April 24, 2009 within which to serve the Defendants with process in this matter.

4. The Plaintiff's Motion is well taken and should be granted. The Plaintiff is, therefore, granted an Extension of Time For Service of Process until April 24, 2009.

The findings hereinabove set forth are hereby made the Order of this Court.

This the 31 day of March, 2009.

_____
CIRCUIT COURT JUDGE

Order Prepared by:

Russell S. Gill, MSB#4840
Russell S. Gill, PLLC
638 Howard Avenue
Biloxi, MS 39530
Tel: 228-432-0007
Fax: 228-432-0025

COPY

IN THE CIRCUIT COURT OF PEARL RIVER COUNTY, MISSISSIPPI

GEORGE NIXON PLAINTIFF

FILED
JUL 2 3 2008
VICKIE P. HARIEL, CIRCUIT CLERK
By S. Herren D.C.

VERSUS CAUSE NO. 2008 - 0407

STATE FARM FIRE AND CASUALTY COMPANY DEFENDANT

**COMPLAINT**

**JURY TRIAL DEMANDED**

COMES NOW the Plaintiff GEORGE NIXON, ("Plaintiff"), by and through counsel and hereby files this his Complaint against the Defendant, State Farm Fire and Casualty Company (hereinafter "State Farm"), and in support thereof would show the following, to-wit:

**PARTIES**

1. Plaintiff George Nixon is an adult resident citizen of Pearl River County, Mississippi currently residing at,160 Byrd Rd. Carriere, Mississippi.

2. The Defendant State Farm, is an insurance company doing business in the State of Mississippi with its corporate headquarters located at, One State Farm Plaza, Bloomington, Illinois 61710. At all times relevant to this Complaint, State Farm was authorized to issue homeowners insurance policies within the State of Mississippi. State Farm may be served with process in this action through service on its Registered Agent, William E. Penna, 1080 River Oaks Drive, Suite B-100, Flowood, Mississippi 39232, or on the Mississippi Insurance Commissioner as provided by law.

**JURISDICTION AND VENUE**

3. This Court has jurisdiction over the persons and the subject matter of this Complaint pursuant to Miss. Code Ann. § 9-7-81. Venue is proper in Pearl River County, pursuant to Miss.

Code Ann. § 11-11-3, as this is the location of the property at issue.

## BACKGROUND FACTS

4. At all times material hereto, Plaintiff George Nixon was the named insured on a policy of insurance issued by State Farm for homeowners coverage. A copy of the Declarations Page is attached hereto and made a part hereof as Exhibit "A" to this Complaint.

5. On or about August 29, 2005, Hurricane Katrina made landfall in an area between Louisiana and Mississippi. As a result of the landfall and the location of the eye of the storm, the southern half of the State of Mississippi sustained the most severe damage from the winds of Hurricane Katrina.

6. The insured property, which is the subject matter of this lawsuit, is located at 160 Byrd Rd. Carriere, Mississippi. The subject property sustained catastrophic damage, and some of the contents likewise suffered significant damage, all of which were caused by winds and tornadic action that were part of Hurricane Katrina. As a result, the property, including contents, was damaged by the violent and tornadic winds associated with Hurricane Katrina. The aforementioned wind damage resulted in losses that were fully covered by the subject policy.

7. Coverage under the policy for damages caused by Hurricane Katrina, included dwelling coverage of $107,900.00, private structure coverage of $10,790.00, personal property coverage of $59,345.00, loss of use coverage and extended coverages. The policy sets forth in applicable paragraphs the coverages afforded.

8. Plaintiff has made a claim against State Farm for the damages to his property.

9. After Hurricane Katrina, your Plaintiff placed State Farm on notice of his claim as a result of the loss. Subsequently, State Farm made payments under Plaintiff's homeowners dwelling

policy totaling approximately $12,461.21, and for loss of use totaling approximately $400.00 for the entirety of his documented wind related losses.

10. Plaintiff continues to assert his rights for compensation. The insured has presented State Farm substantial evidence in support of his claims for additional compensation.

11. Notwithstanding this information, State Farm continues to deny that it is obligated to pay any further compensation under the policy of insurance.

## COUNT I

## BREACH OF CONTRACT AND FIDUCIARY DUTY

12. Plaintiff hereby incorporates by reference and realleges the foregoing allegations of his Complaint.

13. Plaintiff alleges that State Farm has breached the terms and provisions of the subject contract by failing to pay the full insurance proceeds due and owing. State Farm has wrongfully adjusted Plaintiff's claim and failed to fully indemnify Plaintiff for all of his covered losses under the policy of insurance. State Farm, by accepting the premiums, has a fiduciary duty to properly adjust the claim, which it has failed to do.

14. As a result of said breach of contract and fiduciary duty, Plaintiff has suffered un-reimbursed losses on his dwelling and his personal property.

15. Plaintiff alleges that he is entitled to the full extent of the damage allowable under the subject policy to the dwelling, personal property, and loss of use insured by this policy. State Farm has failed to make full payments under this policy, and therefore is in breach of contract and fiduciary duty, notwithstanding its obligation to adjust this loss with the best interest of the insured in mind.

16. Plaintiff presented a fully documented claim regarding losses covered by the insurance policy. State Farm has failed to properly adjust the claim and to pay for all of the damages caused by Hurricane Katrina as required by the policy.

17. State Farm has breached the contract by its failure to fully pay valid claims and as a result of this breach, Plaintiff has sustained *Veasley* damages, proximately caused by the breach, for which State Farm should be liable. Further, Plaintiff seeks specific performance of the contract of insurance and indemnification of all losses, including consequential damages, attorney fees and expenses.

## COUNT II

## BREACH OF GOOD FAITH AND FAIR DEALING

18. Plaintiff incorporates by reference and realleges the foregoing allegations of his Complaint.

19. Plaintiff would show the Court that in every contract there is an implied duty of good faith and fair dealing on the part of the contracting parties. State Farm has breached its duty by its failure to negotiate in good faith and its failure to pay all sums that are due under the policy of insurance. State Farm's actions in this regard are in violation of the duty of good faith and fair dealing and make it liable to the Plaintiffs for damages caused thereby.

## COUNT III

## PUNITIVE DAMAGES

20. Plaintiff incorporates by reference and realleges the foregoing allegations of his Complaint.

21. Plaintiff would show that the conduct of State Farm in not promptly and fully

4

adjusting this loss and further refusing to pay additional damages for this claim after Plaintiff attempts to collect under said policy, constitutes callous indifference to the Plaintiff's rights under the policy, and this conduct is so gross as to amount to an independent tort. As such, State Farm should be assessed punitive damages to deter such conduct in the future, and to punish State Farm for not complying with its obligations under the contract and not cooperating with the Plaintiff in trying to resolve this claim.

WHEREFORE, PREMISES CONSIDERED, your Plaintiff hereby request that the Court accept this Complaint for filing, and after a trial by jury hereon, render a Judgment in favor of the Plaintiff against State Farm in the following particulars:

a. With respect to all Counts, a Judgment of compensatory, general and consequential damages under the Contract, including all sums due under the dwelling coverage, personal property coverage, and loss of use coverage.

b. Under Count III, that the Court render an assessment of punitive damages to punish and deter State Farm from this type of conduct in the future, in refusing to properly adjust claims and refusing to negotiate in good faith, said punitive damages to be determined by the jury.

c. That the Court award attorneys fees, costs and expenses to the Plaintiff for the bringing of this action, including *Veasly* damages.

d. That the Court grant any and all equitable relief appropriate in the premises, including appraisal and the Court award all pre-judgment and post-judgment interest that may be appropriate under law.

e. The total Judgment sought does not exceed $75,000.00, exclusive of interest and

costs.

    Respectfully submitted, this the 22 day of July, 2008.

                    GEORGE NIXON

                BY: _____
                      RUSSELL S. GILL

RUSSELL S. GILL, P.L.L.C.
Russell S. Gill, MSB No. 4840
368 Howard Avenue
Biloxi, MS 39530
Tel: 228-432-0007
Fax: 228-432-0025
E-Mail: rsgill@datasync.com
Attorney for Plaintiff

6

```
                                                          APRIL 18, 2006
                         Fire Policy Status
                                           H Ph. (601)798-7477
                         FIRE Policy: 24-03-1230-4 F    Yr issd: 1988
NIXON, GEORGE STEVE            Xref:                  YRs with SF: 9+
PO BOX 171
CARRIERE MS   39426-0171    Location: 160 BYRD RD
                                      CARRIERE MS              39426

                             Term: CONT            Renew date: JAN-21-07
Type:   HO - HOMEOWNERS
Coverage information         Premium:    1,064.00
A-DWELLING      107900
DWELL EXT        10790
B-PERS PROP      59345
C-LOSS USE    ACT LOSS
                             Amount due:           SFPP
                               Date due:           SFPP
L-PERS LIAB     100000          Bill to:           SFPP
DMG TO PROP        500
M-MED/PERS        1000       Prev prem:           1,038

Prev risk:     102,400       SFPP acct:0353-8857-09

Deductibles applied: 500 ALL PER



Messages:

   Year built: 1976       Constr: VENEER
         Zone: 32     Home alert: FE DB SA
   Prot class: 8
     Families: 01



                    Roof
                       Roof type: COMP



                    Rating claims: 00
                      Clean slate: 01-21-99
```



TED MUSGROVE, CLU
311 N. MAIN ST
PICAYUNE, MS 39466
601 798-4425
601 798-4401 FAX

ON, GEORGE

ite Farm Insurance Companies

11/02/2005

# Structural Damage Claim Policy

When you have a covered structural damage claim to your real property, you should know:

- We want you to receive quality repair work to restore the damages to your property.
- We will provide you with a detailed estimate of the scope of damage and costs of repairs. Should the contractor you select have questions concerning our estimate, they should contact your claim representative directly.
- You may have the repairs made by a contractor of your choice.
- If you select a contractor whose estimate is the same as or lower than our estimate, based on the same scope of damages, we will pay based upon their estimate. If your contractor's estimate is higher than ours, you should contact your claim representative prior to beginning the repairs.
- State Farm cannot authorize any contractor to proceed with work on your property. Repairs should proceed only with your authorization.
- State Farm does not guarantee the quality of workmanship of any contractor or guarantee that the work will be accomplished within any specific time frame.
- It is understood that the contractor is hired by you, our insured, and that they work for you - not State Farm.

Page: 15

24-Z501-413

# RUSSELL S. GILL, P.L.L.C.
ATTORNEYS AT LAW
638 Howard Avenue
Biloxi, Mississippi 39530
Telephone (228) 432-0007   Fax (228) 432-0025
rsgill@datasync.com

Legal Assistants:
Rhonda Charles
Ruth Snell

RUSSELL S. GILL
SHANNON LADNER
MONTGOMERY NOBLITT

April 28, 2009

Marilyn H. David
of Counsel

H. Scott Spragins, Esq.
P.O. Drawer 668
Oxford, MS 38655-0668

Fax: 1-662-234-2000

RE: **George Nixon v. State Farm Fire and Casualty Company**
   Circuit Court of Pearl River County, MS; Cause No. 2008-0407
   Your File No.: 09-3076
   **Nadine and Roy Poole v. State Farm Fire and Casualty Company**
   Circuit Court of Pearl River County, MS; Cause No. 2008-0403
   Your File No.: 09-3078

Dear Scott:

   I am in receipt of your letter of April 24, 2009. I have decided we best decline to sign the Covenant. Go ahead and remove the cases if you so choose.

Sincerely,

RUSSELL S. GILL, P.L.L.C.

Russell S. Gill

RSG/res

EXHIBIT ___B___